IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISIAH TRUJILLO,

    Plaintiff,

v.                                                                                                      No. 19-cv-0006 JCH-JFR

CARLSBAD POLICE DEPT., *et al,*

    Defendants.

## ORDER STAYING CASE

This matter is before the Court *sua sponte* on Plaintiff Isiah Trujillo's Prisoner Civil Rights Complaint (Doc. 1) (Federal Complaint). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. The Complaint functions like a notice of removal, except it was initiated by Plaintiff. In each section addressing his claims, Plaintiff writes "See Exhibit A, [Case] # D-503-CV-2018-1331" (hereinafter, the "State Complaint"). (Doc. 1 at 3-5). The Federal Complaint clarifies the State Complaint "deal[s] with the same facts involved in th[e federal action]" and that Plaintiff seeks "the same relief as" State Complaint. *Id.* at 5. Exhibit A - the State Complaint - raises claims under the New Mexico Tort Claims Act (NMTCA) and 42 U.S.C. § 1983 against the Carlsbad Police Department and its officers. The officers allegedly failed to prevent Plaintiff from leaving his home with alcohol and interrogated him while intoxicated. (Doc. 1-4 at 2-3).

The state civil docket, which is subject to judicial notice, reflects that the State Complaint was dismissed with prejudice on August 16, 2019. *See* Order Granting Defendants' Motion to Dismiss All Claims in D-503-CV-2018-1331 (State Dismissal Order). On July 1, 2020, this Court directed Plaintiff to show cause why the Federal Complaint is not barred by the doctrine of res judicata, also known as claim preclusion. (Doc. 22). At the time, Plaintiff had not filed a state

appeal, and the State Dismissal Order qualified as a final judgment on the merits. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th Cir. 2014) (dismissal under Rule 12(b)(6) is a decision on the merits); *State of New Mexico Uninsured Employers' Fund v. Gallegos*, 395 P.3d 533, 542 (N.M. App. 2017) (noting that "a prior dismissal *with* prejudice" … "would have functioned as an adjudication on the merits and have res judicata effect") (emphasis in original). The Order to Show Cause also noted that the parties and causes of action are identical in both actions, as the Federal Complaint simply attaches a copy of the State Complaint.  (Doc. 22 at 2-3).

After receiving the Order to Show Cause, Plaintiff also filed an out-of-time appeal of the State Dismissal Order with the New Mexico Court of Appeals (NMCA). *See* Notice of Appeal in Case No. A-1-CA-39204. The NMCA granted free process along with Plaintiff's Motion for Extension of Time to File Docketing Statement, and the matter is still pending. *See* Docket Sheet in Case No. A-1-CA-39204. The out-of-time appeal impacts the finality of the State Dismissal Order, which in turn impacts the preclusion analysis. However, the Court finds it would be duplicative and a waste of judicial resources to move forward with claims that are currently pending before the NMCA. The Court will therefore exercise its discretion to stay this case pending the outcome of the out-of-time NMCA appeal. *See Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990) (the power to stay all or part of a proceeding is left to the discretion of the trial court); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (proceedings may be stayed based on judicial economy, and where there is no hardship to the parties). Plaintiff shall notify the Court within thirty (30) days after the NMCA issues its ruling on his out-of-time appeal in Case No. A-1-CA-39204.

**IT IS ORDERED** that this civil action is **STAYED** pending the outcome of Plaintiff's out-of-time appeal with the NMCA.

**IT IS FURTHER ORDERED** that Plaintiff shall notify the Court in writing within thirty (30) days of receiving a copy of the NMCA's final decision in the out-of-time appeal, Case No. A-1-CA-39204.

_____
SENIOR UNITED STATES DISTRICT JUDGE