## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ISIAH TRUJILLO,

     Plaintiff,

v.                                                                     No. 19-cv-0006 JCH-JFR

CARLSBAD POLICE DEPT., *et al,*

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

     This matter is before the Court *sua sponte* on Plaintiff Isiah Trujillo's Prisoner Civil Rights Complaint (Doc. 1) (Federal Complaint).   Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*.   The Court previously directed him to show cause why the Federal Complaint should not be dismissed under preclusion principles.   Having reviewed his response and applicable law, the Court determines the Federal Complaint is barred and will dismiss this case.

## BACKGROUND

     Plaintiff filed the Federal Complaint on January 4, 2019.   (Doc. 1).   It functions like a notice of removal, except it was initiated by Plaintiff.   In each section addressing his claims, Plaintiff points to a state pleading and writes "See Exhibit A, [Case] # D-503-CV-2018-1331" (hereinafter, the State Complaint).   (Doc. 1 at 3-5).   The Federal Complaint clarifies the State Complaint "deal[s] with the same facts involved in th[e federal action]" and that Plaintiff seeks "the same relief as" State Complaint.   *Id.* at 5.   Exhibit A - the State Complaint - raises claims under the New Mexico Tort Claims Act (NMTCA) and 42 U.S.C. § 1983 against the Carlsbad Police Department and its officers.   The officers allegedly failed to prevent Plaintiff from leaving his home with alcohol and interrogated him while intoxicated.   (Doc. 1-4 at 2-3).   It appears

Plaintiff made incriminating statements during that interview, which led to his state prosecution for criminal sexual penetration of a child under 13, Case No. D-503-CR-2015-00262.

The state civil docket, which is subject to judicial notice, reflects the State Complaint was dismissed with prejudice on August 16, 2019.   *See* Order Granting Defendants' Motion to Dismiss All Claims in D-503-CV-2018-1331 (State Dismissal Order).   The State Dismissal Order notes the State Complaint is barred by the statute of limitations and fails to state a cognizable claim.   *Id.* The ruling pertains to all "claims, state as well as federal."   *Id.* at 1.   On July 1, 2020, this Court directed Plaintiff to show cause why the Federal Complaint is not barred by the doctrine of res judicata, also known as claim preclusion.   *See* Doc. 22; *Banks v. Opat*, 2020 WL 2394008, at *5 (10th Cir. May 12, 2020) ("a court may *sua sponte* raise a preclusion bar where … the court is on notice that the issue has been previously decided") (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)).   At the time, Plaintiff had not filed a state appeal, and the State Dismissal Order was final. The Order to Show Cause notes that the parties and causes of action are identical in both cases, as the Federal Complaint simply attaches a copy of the State Complaint.   (Doc. 22 at 2-3).

After receiving the Order to Show Cause, Plaintiff filed an out-of-time appeal with the New Mexico Court of Appeals (NMCA).   *See* Notice of Appeal in Case No. A-1-CA-39204.   The Notice of Appeal attaches the State Dismissal Order.   *See* Notice of Appeal in Case No. A-1-CA-39204.   The appeal impacted the finality of the State Dismissal Order, which in turn impacts the preclusion analysis.   For this reason, and in the interest of judicial economy, the Court stayed this case pending resolution of the state appeal.   *See* Doc. 27.   The NMCA eventually dismissed the appeal as untimely.   *See* Doc. 28.   The NMCA acknowledged Plaintiff's allegation that he did not immediately receive the State Dismissal Order but concluded he failed "support a determination of

excusable neglect or unusual circumstances warranting acceptance of the untimely notice of appeal." *Id.* at 8. The New Mexico Supreme Court (NMSC) denied certiorari review, and the final mandate was filed on July 1, 2022. *See* Doc. 29; Mandate in Case No. D-503-CV-2018-1331.

This Court lifted the stay on August 9, 2022 and directed Plaintiff to file a single, updated show cause response addressing preclusion principles. *See* Doc. 30. The Clerk's Office re-mailed a copy of the Order to Show Cause, which sets out the procedural history and law on claim preclusion. Plaintiff was directed to specifically address the finality of State Dismissal Order and why he believes he did not have a fair opportunity to litigate the claims in the prior action. Plaintiff was further advised that the updated show-cause response will supersede and replace all prior filings/arguments addressing preclusion. Plaintiff filed his updated show-cause response on September 14, 2022 (Doc. 31), and the matter is ready for review.

## DISCUSSION

"[A] federal court considering a section 1983 action must give preclusive effect to a state court judgment to the same extent a court in that state would." *Hubbert v. City of Moore, Okla.*, 923 F.2d 769, 772 (10th Cir. 1991). *See also Fundamental Admin. Services, LLC v. Cohen*, 709 Fed. Appx. 516, 518 (10th Cir. 2017) ("To determine the preclusive effect of a [prior] state court judgment …, [federal courts] use the preclusion law of the state in which the prior judgment was rendered."). "Under New Mexico law, '[t]he doctrine of claim preclusion, or res judicata, bars re-litigation of the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits.'" *Cohen*, 709 Fed. Appx. at 518 (quotations omitted). "Res judicata applies if three elements are met (1) a final judgment on the merits in an earlier action,

(2) identity of parties or privies in the two suits, and (3) identity of the cause of action in both suits."

*Pielhau v. State Farm Mut. Auto. Ins. Co.*, 314 P.3d 698, 700 (N.M. App. 2013).   Regardless of

these elements, an exception applies where the party resisting preclusion principles did not have a

"full and fair opportunity to litigate" the claim in the prior action.   *Potter v. Pierce*, 342 P.3d 54,

59 (N.M. 2015) (noting a full and fair opportunity to litigate is "the essence of res judicata," and

the subsequent action is not barred "unless the plaintiff could and should have brought the claim in

the former proceeding").

The parties and causes of action are the same in both suits, as Plaintiff's Federal Complaint

simply attaches a copy of the State Complaint.   The State Dismissal Order also qualifies as a final

decision on the merits.   *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th

Cir. 2014) (dismissal under Rule 12(b)(6) is a decision on the merits); *Sandel v. Sandel*, 463 P.3d

510, 518 (N.M. App. 2020) (A New Mexico state court "order granting judgment on the pleadings

constituted a final judgment, as it disposed of Plaintiff's … claims to the fullest extent possible");

*State of New Mexico Uninsured Employers' Fund v. Gallegos*, 395 P.3d 533, 542 (N.M. App. 2017)

(noting that "a prior dismissal *with* prejudice" … "would have functioned as an adjudication on the

merits and have res judicata effect") (emphasis in original).   Plaintiff exhausted his right to appeal

the State Dismissal Order, and a mandate was entered stating the appellate decision is final.   *See*

Mandate in Case No. D-503-CV-2018-01331.   The elements of res judicata are therefore met.

In his show cause response, Plaintiff argues he did not have a full and fair opportunity to

litigate in state court.   When deciding whether a party had a "full and fair opportunity to litigate"

a claim, courts look at the "the totality of the circumstances in each case."   *Potter v. Pierce*, 342

P.3d 54, 59 (N.M. 2015).   Relevant factors include: (1) "whether the non-movant had the incentive

to vigorously litigate the prior action," (2) procedural differences between the two actions, "such as representation by counsel, presentation of evidence, questioning of witnesses, and appellate review;" and (3) policy considerations.   *Rodriguez v. Smith*, 2019 WL 4419979 at *5 (N.M. App. 2019) (quoting *Rex, Inc. v. Manufactured Hous. Comm.*, 892 P.2d 947 (N.M. 1993).

As noted above, Plaintiff filed the same complaint in both forums, and the state district court dismissed the case with prejudice for failure to state a claim.   Nothing in the record suggests Plaintiff lacked adequate incentive to litigate in the state forum.   He contends he "built the complaint with both state and federal law," submitted it first to state court, but hoped the state judge would only adjudicate the state claims and allow "the federal court to deal with its law and standards."   *Id.* at 5-6.   The Court is skeptical that Plaintiff filed a federal § 1983 claim in a forum where he did not want relief, but in any event, incentive to litigate typically addresses the potential consequences of each case.   For example, the New Mexico Supreme Court has declined to give preclusive effect to administrative hearings where the later case involves questions of innocence or guilt in a district court.   *See State v. Bishop,* 832 P.2d 793, 796 (N.M. 1992).   Because Plaintiff filed identical complaints in district courts that could each grant full relief, the Court finds he had adequate incentive to litigate in the first forum.   *See, e.g., Sandel v. Sandel,* 463 P.3d 510, 518–19 (N.M. App. 2020) (plaintiff could not raise claim in state court where the federal court previously addressed whether plaintiff could prosecute certain torts against the defendants).

The Court also finds very few procedural differences exist between state and federal court where, as here, the complaint is dismissed at the initial pleading stage.   If anything, Plaintiff received more process in the state forum based on how those courts hear contested motions to dismiss.   Plaintiff complains the state court failed to consider evidence, the merits, and his

amended complaint.   However, the state docket reflects Defendants filed a motion; Plaintiff filed

a response; the state court held a hearing on dismissal and, according to Plaintiff, granted leave to

amend; and the State Dismissal Order was entered after Plaintiff filed his amended complaint.[1]   A

dismissal for failure to state a claim necessarily considers the merits, and no evidence is required

at that stage.   *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (when determining

whether a complaint states a cognizable claim, review is generally limited to "the allegations within

the four corners of the complaint.").

The Court is also not persuaded the alleged delay in receiving the State Dismissal Order

impeded Plaintiff's ability to fully and fairly litigate.   Plaintiff had a right to appeal the State

Dismissal Order, even if he did not timely appeal.   *See United States v. Arterbury,* 961 F.3d 1095,

1103 (10th Cir. 2020) (full and fair opportunity to litigate means, inter alia, "that the decision was

subject to appeal *or* was in fact reviewed on appeal.") (emphasis added).[2]   Moreover, Plaintiff had

an opportunity to present his evidence and arguments on the alleged notice defect to the NMCA ,

which determined he did not meet the excusable neglect standard.   The NMSC agreed and declined

to grant certiorari relief.   Finally, the Court notes Plaintiff was proceeding *pro se* in both forums,

and his *pro se* status does not change the analysis on claim preclusion.   *See Ross v. Wexford Health

Sources, Inc.,* 2010 WL 3969637, at *6 (N.M. App. 2010) (applying preclusion principles and

---

[1] Plaintiff complains the state court failed to consider his amended facts, but nothing in the record supports this allegation.   Plaintiff filed his pro se Motion to Amend, which raises additional facts, on August 12, 2019, and the State Dismissal Order was filed four days later on August 16, 2019.   *See* Docket Sheet in D-503-CV-2018-01331.   The State Dismissal Order describes Plaintiff's claims generally, rather than any specific document, suggesting the state court considered all allegations at the time of dismissal.   *See* State Dismissal Order in D-503-CV-2018-01331.

[2] The New Mexico Supreme Court looks to relevant Tenth Circuit law on preclusion principles, as the standards are generally the same under state and federal law.   *See Potter v. Pierce,* 342 P.3d 54, 58 (N.M. 2015).

rejecting argument that state plaintiff was disadvantaged in his prior federal case because he was acting *pro se*).   On this record, the Court finds there are no procedural differences between the forums that impaired Plaintiff's ability to fully and fairly litigate in the state court.

As to the final factor, policy considerations favor the application of claim preclusion.   "The purpose of … [claim preclusion] is to protect individuals from multiple lawsuits, to promote judicial economy, and to minimize the possibility of inconsistent judgments."   *See Moffat*, 49 P.3d 673 (N.M. App. 2002).   As the Tenth Circuit notes, "a court is not like a pin-ball machine, in which a player dissatisfied with his result can try his hand over and over again."   *Cory v. Fahlstrom*, 143 Fed. App'x 84, 88 (10th Cir. 2005) (addressing preclusion).   Plaintiff has not shown this lawsuit functioned as anything other than a hedge against losing in state court.   Concurrent lawsuits are not prohibited, *see D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.,* 705 F.3d 1223, 1233 (10th Cir. 2013), but now the state forum has ruled, its decision is binding.

For these reasons, the Court finds all elements of res judicata are met, and Plaintiff failed to show he was denied a fair and full opportunity to litigate in the state action.   The Federal Complaint will be dismissed with prejudice.   *See Mir v. Brown,* 2021 WL 2099548 (10th Cir. May 25, 2021) (analyzing *res judicata* and affirming dismissal with prejudice).

**IT IS ORDERED** that Plaintiff Isiah Trujillo's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
SENIOR UNITED STATES DISTRICT JUDGE